IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JAMES GIVENS                                                              PETITIONER

v.                          Civil No. 05-1054

LARRY NORRIS, Director,
Arkansas Department of Correction                               RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

**Factual and Procedural Background:**

Petitioner, James Givens, an inmate in the Arkansas Department of Correction, has filed a petition for writ of habeas corpus pursuant to *28 U.S.C. § 2254*. (Doc. #1) Petitioner proceeds pro se and in forma pauperis. This action arises from Petitioner's conviction on May 4, 1999, in the Pulaski County, Arkansas Circuit Court, of aggravated robbery, battery in the first degree and two counts of theft of property, pursuant to his pleas of guilty. He was sentenced to an aggregate of fifteen (15) years of imprisonment in the ADC. (Doc. #12, Ex. A)

On August 4, 1999, Petitioner filed a petition for post-conviction relief in the Pulaski County Circuit Court. According to the Respondent's response, the petition was considered by the sentencing court as a motion to withdraw guilty pleas pursuant to *Rule 26, Arkansas Rules of Criminal Procedure.* (Doc. #12, p. 2) The petition/motion was denied by the Circuit Court on August 3, 2000. (Doc. #12, Ex. A) Petitioner filed a notice of appeal to the Arkansas Court of Appeals but the appeal was dismissed on Petitioner's motion on March 28, 2001. (Doc. #13, Ex. A)

On June 28, 2005, Petitioner filed the pending petition for a writ of habeas corpus in this court. (Doc. #1) In this petition, Petitioner asserts the following claims:

  a. His pleas of guilty were not intelligently or voluntarily entered;

  b. There was a breach of the attorney client privilege and prosecutorial misconduct;

  c. Petitioner was forced to waive his right not to testify against himself; and

  d. Petitioner's plea was conditioned on his testimony against co-defendants and entry of a written judgment was premature since he refused to so testify.

(Doc. #1)

Respondent asserts that Petitioner's claims have been waived due to his guilty pleas, are barred by the limitations provisions of *28 U.S.C. § 2244(d)*, or are procedurally barred. (Doc. #12)

By order entered on September 20, 2005 (Doc. #4), the undersigned ordered Petitioner to complete and return a questionnaire/addendum to petition with respect to the limitations and procedural bar issues. On October 5, 2005, Petitioner's completed questionnaire/addendum to petition was filed. (Doc. #5)

We conclude that Petitioner's petition is, in fact, barred by limitations and is procedurally barred and, therefore, is subject to dismissal.

**Discussion:**

*28 U.S.C. § 2244(d)* provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review
>
>  (B) the date on which the impediment to filing an application created by

> State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

We have described above the state court procedural history of Petitioner's case. The judgment and commitment in Petitioner's case was filed on May 21, 1999, in the Pulaski County Circuit Court. (Doc. #12, Ex. A) Because Petitioner was convicted and sentenced pursuant to his pleas of guilty, he had no right to a direct appeal to the Arkansas appellate courts. *Arkansas Rules of Appellate Procedure - Criminal*, Rule 1(a)(any person convicted of a misdemeanor or a felony *by virtue of trial* in any circuit court of this state has the right to appeal to the Arkansas Court of Appeals or to the Supreme Court of Arkansas); *Hill v. State*, 318 Ark. 408, 412 (1994)(In general, there is no right to an appeal from a plea of guilty).

Accordingly, for purposes of *28 U.S.C. § 2244(d)(1)(A)* the limitations period began to run, at the latest, on May 21, 1999. By virtue of the provisions of *28 U.S.C. § 2244(d)*, Petitioner had one year from that date to file his federal habeas petition - May 21, 2000. The pending federal habeas petition was not filed until June 28, 2005, over five years after the expiration of the *§ 2244(d)(1)* limitations period.

AO72A
(Rev. 8/82)

*§ 2244(d)(2)* does provide that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward..." the limitations period. Petitioner's post-conviction petition/motion was denied by the state court on August 3, 2000. (Doc. #12, Ex. A) The appeal from the denial of the motion was dismissed, on Petitioner's motion, on March 21, 2001. (Doc. #13, Ex. A) Even if the running of the limitations period of *2244(d)(1)* was tolled until this date, Petitioner's *§ 2254* motion was not filed until over four years later.

Accordingly, unless the one-year limitations period of *§ 2244(d)(1)* was otherwise tolled, Petitioner's pending petition is barred by limitations.

It is undisputed that none of the events described in *§ 2244(d)(1)(B) - (D)* occurred in this case: no state action prevented the filing of the subject petition; Petitioner does not assert any newly recognized rights; and the claims asserted were not newly discovered.

In explaining his delay in filing his *§ 2254* petition in this court Petitioner refers to none of the tolling events set forth in *28 U.S.C. § 2244(d)*. Instead, he offers only that he had become "frustrated, distrustful of, and disillusioned with the courts"; he "lacked the resources, knowledge, proper advice and assistance in the penitentiary to pursue" his remedies; he was "in shock" and "felt helpless and paralyzed" in the penitentiary; and, he "turned it all over to God." (Doc. #5)

Equitable tolling allows courts to forgive untimely petitions or other delays only under limited conditions, "or example, where 'extraordinary circumstances' beyond a prisoner's control prevent the timely filing of a petition." *Gassler v. Bruton*, 255 F.3d 492, (8th Cir. 2001)(citing *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999)); *Moore v. United States*, 173 F.3d

AO72A
(Rev. 8/82)

1131, 1134 (8th Cir. 1999)("Congress's intent, as reflected in the statute's language, purpose, and legislative history" shows that "the time limit was intended to be a period of limitations, subject to equitable tolling, rather than a jurisdictional bar"). "Equitable tolling is also appropriate where 'the conduct of the defendant has lulled the plaintiff into inaction.'" *Id.* (quoting *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). We find that none of the reasons offered by Petitioner to explain his delay in filing the subject petition are adequate to equitably toll the limitations provision of *28 U.S.C. § 2244(d)*.

Petitioner's lack of legal knowledge, his frustration with the courts or feelings of helplessness do not warrant equitable tolling. *See Kreutzer v. Bowersox*, 231 F.3d at 463; *see also Preston v. State*, 221 F.3d 1343 (8th Cir. 2000)(unfamiliarity with federal law is not a ground for equitable tolling and the inability to obtain trial transcripts from a former attorney "'did not come near' to constituting the required showing of extraordinary circumstances'"); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (neither unfamiliarity with the legal process nor lack of representation during the applicable filing period merits equitable tolling). *Paige v. United States*, 171 F.3d at 561 (interprison mail delay does not justify equitable tolling); *see also Gassler v. Bruton*, 255 F.3d at 495 (declining to toll limitations on account of delay in obtaining trial transcript).

Furthermore, Petitioner can not rely upon the advice given to him by post-conviction counsel. *See Morris v. Norris*, 83 F.3d 268, 270 (8th Cir. 1996)(there is no right to counsel in post-conviction proceedings, and therefore ineffective assistance of post-conviction counsel cannot excuse a procedural default); *see also Kreutzer v. Bowersox*, 231 F.3d at 463)(post-conviction counsel's confusion as to applicable statute of limitations does not warrant equitable

AO72A
(Rev. 8/82)

tolling).

Since no grounds exist for equitable tolling of the limitations period under *28 U.S.C. § 2244*, Petitioner's petition is subject to dismissal as barred by limitations.

Further, Petitioner's pending claims are also procedurally barred. The state courts should have the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts. *Engle v. Isaac*, 456 U.S. 107, 128-129 (1982); *Smittie v. Lockhart*, 843 F.2d 295, 296-297 (8th Cir. 1988). This principle is implicated in determining whether a petitioner has preserved his claims for federal habeas review by complying with state procedural rules governing their presentation. *Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir. 1988), *cert. denied*, 490 U.S. 1114 (1989). *See Coleman v. Thompson*, 111 S.Ct. 2546, 2554-55 (1991).

A federal habeas court ordinarily cannot review the merits of a claim which a petitioner has never presented to any state court. *Williams v. Arkansas*, 941 F.2d 672, 673 (8th Cir. 1991); *Johnson v. Lockhart*, 944 F.2d 388, 390 (8th Cir. 1991). A petitioner must "fairly present" the substance of his federal claim, including the facts and legal theory, to the highest state court. *Rust v. Hopkins,* 984 F.2d 1486, 1490 (8th Cir. 1993), *cert. denied*, 508 U.S. 967, 113 S.Ct. 2950 (1993); *Martin v. Solem*, 801 F.2d 324, 330-31 (8th Cir. 1986).

"To exhaust an available state post-conviction remedy, the petitioner must 'use the State's established appellate review procedures.'" *Armstrong v. Iowa*, 418 F.3d 924, 925 (8th Cir. 2005)(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Although Petitioner may have presented his pending claims to the Pulaski County Circuit Court in a post-conviction petition/motion, he did not pursue an appeal of that court's denial of those claims. While he filed

a notice of appeal (Doc. #12, Ex. A), he later voluntarily elected to dismiss the appeal. (Doc. #13, Ex. B)

In his addendum to petition, Petitioner blames his decision to dismiss his appeal on the advice of a public defender. (Doc. #5) However, as noted above, the ineffectiveness of post-conviction counsel can not excuse procedural default. *Morris v. Norris*, 83 F.3d at 270.

Although "cause" excusing procedural default does not exist, a habeas petitioner may also obtain a review of his defaulted claims by showing that the failure to consider the claims would result in a miscarriage of justice. This exception permits review of a defaulted claim where a constitutional violation has "probably resulted" in the conviction of an innocent person. *Schlup v. Delo*, 115 S.Ct. 851, 867-68 (1995). This showing requires "clear and convincing evidence that, but for the alleged constitutional error, no reasonable juror would have found the petitioner guilty of the crime of which he was convicted." *Wallace v. Lockhart*, 12 F.3d 823, 827 (8th Cir. 1994). This determination must be made "in light of all the available evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Kuhlmann v. Wilson*, 477 U.S. 436, 454-55 n. 17 (1986).

Petitioner does not assert he is actually innocent, accordingly, Petitioner's current claims for relief are barred by limitations, are procedurally barred and should be dismissed with prejudice.

**Conclusion:**

We find that an evidentiary hearing is not necessary in this case. *Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(a)*; *Hankins v. Delo*, 977 F.2d

396, 398 (8th Cir. 1992)(evidentiary hearing not is required where issues can be resolved on the basis of state court records). We find that Petitioner's petition is barred by the limitations period under *28 U.S.C. § 2244*, and that the claims now presented are procedurally barred. We recommend that the petition be dismissed with prejudice.

**The parties have ten (10) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of January 2006.

*/s/ Bobby E. Shepherd*
HON. BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

-8-

AO72A
(Rev. 8/82)